

**Credit Request Authorization**

I hereby certify that the following information is true and accurate, and has been furnished with the understanding that it is to be used to determine whether the amount, terms and conditions of my contract, and any subsequent renewals or extensions of my contract, meet the credit requirements of financial institutions which may review this application.

I authorize all such financial institutions which will review this application to investigate my credit, employment history, others' credit experience with me, and any other information listed herein, and to obtain any information they deem necessary, in their sole discretion, to verify the information contained herein.

_Signed by Ethan Caliva — 8A6444E3FB22445_   1/24/2023

Ethan Caliva        (Buyer Signature)        Date

_____        _____

# CREDIT APPLICATION

| APPLICANT'S SOC SEC. NO. : XXX-XX-9325 | CO-APPLICANT'S SOC SEC. NO. : |
|---|---|
| TRACKING NO: 208471 | TRACKING NO: |

**APPLICANT INFORMATION/EMPLOYMENT**

| FIRST NAME | MIDDLE | LAST | | | PHONE NUMBER |
|---|---|---|---|---|---|
| Ethan | | Caliva | | | 2624126673 |
| STREET ADDRESS | APT | CITY | STATE | ZIP CODE | APPLICANT'S AGE & DOB |
| 6532 Vista Ave | | Wauwatosa | WI | 53213 | 32  7/17/1990 |
| HOW LONG AT PRESENT ADDRESS (YRS) | ARE YOU | | | | MORTGAGE PAYMENT |
| More than 2 years | RENTING: <br> HOME OWNER: X | | | | $ 1600.00 |
| PREVIOUS RESIDENCE | | CITY | STATE | ZIP CODE | APP'S DRIVER'S LIC. NO. |
| | | | | | |
| FULL NAME OF FIRM | OCCUPATION OR DEPT. | | HOW LONG THERE IN YEARS | | PHONE NUMBER |
| | Self Employed | | | | |
| EMPLOYMENT ADDRESS | | CITY | STATE | ZIP CODE | SALARY / HOUSEHOLD INCOME PER MONTH |
| | | | | | $ 6000.00 / 6000.00 |
| PREVIOUS EMPLOYMENT | OCCUPATION OR DEPT. | | HOW LONG THERE IN YEARS | | PHONE NUMBER |
| | | | | | |
| EMPLOYMENT ADDRESS | | CITY | STATE | ZIP CODE | SALARY PER MONTH |
| | | | | | $ |

**CO-APPLICANT INFORMATION/EMPLOYMENT**

| FIRST NAME | MIDDLE | LAST | | | PHONE NUMBER |
|---|---|---|---|---|---|
| | | | | | |
| STREET ADDRESS | APT | CITY | STATE | ZIP CODE | APPLICANT'S AGE & DOB |
| | | | | | |
| HOW LONG AT PRESENT ADDRESS (YRS) | ARE YOU | | | | MORTGAGE PAYMENT |
| | RENTING: <br> HOME OWNER: | | | | $ |
| PREVIOUS RESIDENCE | | CITY | STATE | ZIP CODE | APP'S DRIVER'S LIC. NO. |
| | | | | | |
| FULL NAME OF FIRM | OCCUPATION OR DEPT. | | HOW LONG THERE IN YEARS | | PHONE NUMBER |
| | | | | | |
| EMPLOYMENT ADDRESS | | CITY | STATE | ZIP CODE | SALARY / HOUSEHOLD INCOME PER MONTH |
| | | | | | $ |
| PREVIOUS EMPLOYMENT | OCCUPATION OR DEPT. | | HOW LONG THERE IN YEARS | | PHONE NUMBER |
| | | | | | |
| EMPLOYMENT ADDRESS | | CITY | STATE | ZIP CODE | SALARY PER MONTH |
| | | | | | $ |

**NEAREST RELATIVE**

| FULL NAME | APP | CO-APP'S | PHONE NUMBER |
|---|---|---|---|
| Nicole Caliva | X | | 2629958354 |
| STREET ADDRESS | | ZIP CODE | |

COPY VIEW

1/24/2023     X _____  
**DATE**            **(APPLICANT)**

_____      X _____  
**DATE**            **(CO-APPLICANT)**

X  GALLANT LAW GROUP, P.C._____  
    **(SELLER – COMPANY NAME)**

X  Brittany Morris_____  
    **BY**

# RETAIL INSTALLMENT CONTRACT
## (including Arbitration Agreement)

| | |
|---|---|
| Buyer: Ethan Caliva<br>Email: art.ethancaliva@gmail.com<br>Phone #: 2624126673<br>Best time to reach on phone:<br>Address: 6532 Vista Ave  Wauwatosa WI, 53213 | Contract #:<br>Seller: GALLANT LAW GROUP, P.C.<br>Email: DAVID.GLANZBERG@GTLAWPC.COM<br>Phone #: 2156077157<br>Address: 123 S BROAD STREET #1640 PHILADELPHIA, PA  19109 |
| Co-Buyer:<br>Email:<br>Phone #:<br>Best time to reach on phone:<br>Address: | Date: 1/25/2023<br>Approximate delivery date:<br>Salesperson: Brittany Morris<br>Shipping instructions: |

Buyer (and Co-Buyer, if any) (hereafter, "you" and "your"), may buy the Property/Product/Service (hereinafter referred to as Product) described below for cash or on credit.  The cash price is shown below in the Itemization of Amount Financed as "Cash Price."  The credit price is shown below in the Truth in Lending Disclosures as "Total Sale Price."  By signing this retail installment contract (the "Contract"), you choose to buy the Product on credit as described in this Contract.  You promise to pay to Seller (hereafter, together with any assignee of this Contract, called "assignee," also called "we," "us" and "our") the Total Sale Price shown below as outlined in the Payment Schedule below, and any other charges in this Contract at our office or at such other place as we may designate.  You agree to pay us all you owe under this Contract even if the Product is damaged, destroyed, or missing. The Truth in Lending Disclosures below constitute part of this Contract.

| Product Description | Price | Product Description | Price |
|---|---|---|---|
| 1) Legal Service | 4000.00 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## ITEMIZATION OF AMOUNT FINANCED

1. Purchase Price  $ 4000.00

2. Sales Tax  0.00%  $ 0.00

**3. Cash Price (1+2)**  $ 4000.00

4. Less: Cash Down Payment  $ 0.00

**5. Unpaid Balance of Cash Price/**
   Amount Financed (3-4)  $ 4000.00

**Promotional Same as Cash Offer**

The same as cash period is:

___N/A___ months/payments

(See Section 14 of the "Additional Contract Terms and Conditions" for details)

## TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br><br>___16.99___% | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br><br>$ 475.37 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br><br>$ 4000.00 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br><br>$ 4475.37 | Total Sale Price<br>The total cost of your purchase on credit, including down payment of<br>$ 0.00<br>$ 4475.37 |
|---|---|---|---|---|

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 15 | 298.36 | Monthly, beginning  2/28/2023  . |

**Prepayment**:  If you pay off all or any part of your debt early, you may be entitled to a refund of part of the Finance Charge.
**Late Payment**: If any portion of your payment is more than 10 days past due, you will have to pay a late charge equal to the lesser of $10 or 5% of the unpaid part of the scheduled payment that is late.
**Security**: You are giving us a security interest in the Product being purchased described above.
Please read this Contract for additional information on nonpayment, default, and our right to accelerate the maturity of the obligation and security interest.

DocuSign Envelope ID: 5ABE970D-B80D-4953-87D6-8BC460C15394

THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net

See the following pages for other important terms and conditions.

| NOTICE TO CUSTOMER | BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS ENTIRE CONTRACT AND YOU AGREE THAT THE PROVISIONS ON ALL PAGES OF THIS DOCUMENT SHALL CONSTITUTE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN. YOU ALSO ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF THIS CONTRACT AT THE TIME YOU SIGN IT AND AGREE TO THE TERMS OF THE CONTRACT. |
|---|---|
| (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. | |
| (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. | |
| (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY CONTRACT YOU SIGN. | |
| (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS CONTRACT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE. | |

X _____[DocuSigned signature: 8A6444E3FB22445]_____   1/24/2023
   **Buyer Signs**                                                                                      **Date**


X _____   _____
   **Co-Buyer Signs**                                                                                **Date**


X _GALLANT LAW GROUP, P.C._____   Brittany Morris_____   1/24/2023____
   **Seller**                                                          **By**                                                        **Date**


X _Credit Manager_____
   **Title**

YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.

WISCONSIN

## Additional Contract Terms and Conditions

**1. Prepayment:** You have the right to prepay your account balance early without a penalty. If you prepay in full or in part, you may be entitled to a refund credit of part of the Finance Charge. This credit will be calculated using the actuarial method. We will apply the credit to the amount you owe us or if you paid us more than the amount owed to us under this Contract, we will refund it to you. You will not get a refund if the amount of the credit is less than $1. If you prepay only a portion of the balance remaining under this Contract, we will apply the prepayment to your account balance; however a prepayment will not excuse any later scheduled payments. You must still make all scheduled payments on time until your obligation under this Contract is paid in full. If you make a partial prepayment, your last payment or payments may be less than the scheduled amount due.

**2. Application of Payments**: Unless prohibited by law, we will apply your payments to late charges and other charges due under this Contract, and then to other fees and charges owed, and then to payments owed. Except as otherwise required by applicable law, payments will be applied to the oldest payment first.

**3. Security Interest:** You agree that you are purchasing the Product for personal, family or household purposes. To secure your obligations, you give us a security interest in the Product and all proceeds of the Product. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You will not grant anyone else a security interest, lien or any other claim to the Product without our express prior written consent.

**4. Returned Payments:** You agree to pay us a charge of $15 (or such other amount permitted by applicable law) for any payment, ACH debit, check or like instrument or payment mechanism used by you to pay us, that is returned by your bank because of insufficient funds or because your bank account was closed.

**5. Late Payment:** You will pay a late charge on each late payment as shown on page 1. If we accept a late payment, it does not excuse your default or mean that you can keep making payments late.

**6. Waivers and Releases:** To the extent permitted by applicable law, (a) we can waive or delay enforcing any of our rights without losing them; (b) we can waive or delay enforcing a right as to one of you without waving it as to the other; and (c) we need not give anyone notice of the waiver, delay or release.

**7. Default:** You will be in default if: (a) you do not make any payment in full when due, (b) you gave false or misleading information on your application relating to this Contract, (c) you file a bankruptcy petition or if one is filed against you, or (d) you do not keep your other promises in this Contract. If you are in default, subject to any right to cure the law gives you, we may require you to pay at once your remaining account balance (minus a refund credit of part of the Finance Charge calculated as if you had prepaid your account balance in full) and all other amounts due under this Contract.

**8. Interest After Default or Maturity:** If you do not pay all you owe when the final payment becomes due, or you do not pay all you owe if we demand payment in full under this Contract, you will pay an interest charge on the amount that is still unpaid. The interest charge will be the lesser of the Annual Percentage Rate shown in the Truth in Lending Disclosures on page 1 of this Contract or the highest rate the law allows.

**9. Attorney Fees:** If you default and we sue you to collect amounts you owe under this Contract, we may ask the court to award statutory costs and statutory attorneys' fees set forth in section 814.04, Wisconsin Statutes. If the court grants our request, you will be required to pay these costs.

**10. Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, the Seller makes no warranties, express or implied, on the Product, and there will be no implied warranties of merchantability or fitness for a particular purpose. This provision does not affect any warranties covering the Product that the Product manufacturer may provide.

**11. Authorization to Investigate Credit:** You authorize us to investigate your credit history and obtain your consumer report, and to make any and all inquiries we deem necessary to verify the accuracy of the information supplied in your credit application. You also authorize us to obtain your consumer report in connection with the collection of the amounts you owe under this Contract.

**12. Notice of Furnishing Negative Credit Information:** You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**13. Consent to Receive SMS and Mobile Service Commercial Messages and Call Monitoring:** You expressly consent to Seller's and its assignee's use of prerecorded/artificial voice messages, text messages and automatic telephone dialing systems while servicing or collecting your account, as the law allows. In doing so, you agree that we may use any telephone number you provide us, even if that number is for a cellular telephone or our use of the number results in charges to you. You further agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons.

**14. Same as Cash Offer:** If the page 1 of this Contract describes a "same as cash period," then if you make monthly payments as required and also pay additional amounts so that you pay an amount equal to the total Amount Financed by the due date of the month/payment indicated on page 1, this Contract will be paid in full, and we will waive all finance charges. However, **if you do not make any monthly payment as required, and/or do not pay the total outstanding balance of the Amount Financed by the due date of the month/payment indicated on page 1, or if you are in default as described in Section 7 above before the due date of the month/payment indicated on page 1, we may apply any payments made during the "same as cash" period as described in Section 2 above or (if applicable) to the total amount you owe if we demand payment in full as described in Section 7 above, and in any such case the "same as cash" feature and finance charge waiver will not apply to you and this Contract will be enforced as if it did not have a same as cash feature**.

**15. General:** This Contract contains the entire agreement between you and us relating to this Contract. Federal law and the law of Wisconsin apply to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. **The rest of this Contract will still be enforceable**.

**16. Electronic Signatures:** You agree to conduct business with us by use of electronic records and electronic signatures. You also agree that this Contract is an electronic contract executed by using your electronic signature, and your electronic signature demonstrates your intent that this Contract be legally valid and enforceable in accordance with its terms, having the same effect as your signature on a paper document. We may designate a single authoritative copy of this Contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked as the original. This paper original will have your electronic signature on it and you agree it will have the same effect as if you had signed the Contract originally on paper.

**17. Assignment:** We (and any future assignee), with or without notice to you, may assign our rights or obligations under this Contract at any time. You may not assign your rights or obligations under this Contract without the express written consent of us (or any assignee), as applicable.

## Optional ACH Payment Authorization

**This Authorization is Optional:** I understand that I am not required to complete and sign this Authorization, and that I may pay amounts due under my installment contract by check or other means acceptable to you, or I may optionally choose the convenience of having my payments transmitted to you by electronic means. By signing below, I elect the option to pay amounts due under my installment contract electronically, as described below. I may cancel this Authorization at any time, as provided below.

**Definitions:** In this Authorization, the following words are defined as follows:

- "Deposit Account" means my deposit account described below:

    Type of Account: [x] Checking Account   [ ] Savings Account

    Bank Name: JPMORGAN CHASE BANK NA

    Bank City/State: Wauwatosa/ WI

    Bank Routing Number: XXXX-0019

    Account Number: XXXX-2834

    Depositor Name: Ethan R Caliva

- "I," "me" and "my" mean the person who signs this Authorization below.

- "Account" means my account held by you (Account Number: XXXX-2834).

- Installment contract means the contract I signed to establish my Account.

- "You" and "your" mean Equity Sales Finance, Inc., as well as any assignee of my installment contract, and any payment processing agent for either.

**Authorization:** By signing below, I authorize you to initiate electronic fund transfers in the form of ACH debit entries from my Deposit Account, and to credit those amounts (when received by you) to the amounts I owe you on my Account, as follows:

- Recurring monthly payments, in the amount of $ 298.36, as described in the installment contract and accompanying Truth in Lending Disclosures, to be initiated starting on 2/28/2023, and on the same date each month thereafter. If the outstanding balance I owe on the Account is less than the payment amount stated above, I understand and agree that the final payment will be an amount equal to my total outstanding

balance. If any payment date falls on a weekend or holiday, I understand and agree that the payment may be executed on the next business day. If my payment amount changes, I will receive notice from you at least 10 days prior to the payment being collected.

- If necessary, I also authorize you to initiate ACH transactions to correct any erroneous payment transaction.
- If provided under the installment contract, then to the extent permitted by applicable law, I also authorize you to initiate a one-time ACH transaction to collect a returned payment fee of $ 15.00 if any payment is rejected by my bank for any reason other than cancellation of this Authorization (such as insufficient funds) and/or to collect any late fee due under my installment contract.

**Additional Agreements:** I understand that (i) each payment transaction will appear on my bank statement for the Deposit Account; (ii) this Authorization will remain in effect until my Account is paid in full or I cancel this Authorization in writing (at 8014 Olson Memorial Hwy #613 Golden Valley MN, 55427 ); (iii) IF I REVOKE THIS AUTHORIZATION, I WILL STILL BE RESPONSIBLE FOR MAKING ANY PAYMENTS THAT COME DUE UNDER MY installment contract; and (iv) if any ACH debit is returned unpaid by my financial institution, you may resubmit the ACH debit if permitted by the Rules and Operating Guidelines of NACHA (formerly known as the National Automated Clearing House Association). I agree to notify you in writing of any changes in my Deposit Account information or termination of this Authorization at least three (3) business days prior to the next payment due date. I may also notify the financial institution that holds my Deposit Account to stop payments under this Authorization at least three (3) business days before a scheduled payment date. I certify that I am an authorized signer on the Deposit Account, and that I will not dispute any payment you initiate, provided the payment corresponds to the terms of this Authorization. I request the financial institution that holds the Deposit Account to honor all payments initiated in accordance with this Authorization. I acknowledge that I have received a completed copy of this Authorization for my records.

SIGNATURE: _DocuSigned by: [signature] 8A6444E3FB22445..._

PRINT NAME: Ethan R Caliva

DATE: 1/24/2023

**ARBITRATION AGREEMENT**
**This Arbitration Agreement significantly affects your rights in any dispute with us. Please read this Arbitration Agreement carefully before you sign it.**

This Arbitration Agreement is by this reference incorporated into, and becomes a part of, any retail installment contract, finance agreement, and/or purchase agreement (collectively, the "Contract") between you and us. In this Arbitration Agreement, "you" and "your" refer to the customer(s) signing below, and "we," "us" and "our" refer to the Seller signing below, and to Equity Sales Finance Inc. or any subsequent holder or assignee of the Contract.

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT.
2. IF A DISPUTE IS ARBITRATED, YOU AND WE WILL EACH GIVE UP OUR RIGHT TO A TRIAL BY THE COURT OR A JURY TRIAL.
3. <u>IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US.</u>
4. THE INFORMATION YOU AND WE MAY OBTAIN IN DISCOVERY FROM EACH OTHER IN ARBITRATION IS GENERALLY MORE LIMITED THAN IN A LAWSUIT.
5. OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
6. EVEN IF A DISPUTE IS ARBITRATED, WE CAN STILL REPOSSESS GOODS IN WHICH YOU HAVE GRANTED US A SECURITY INTEREST AND YOU OR WE MAY SEEK PROVISIONAL REMEDIES FROM A COURT.

Either of us may elect to arbitrate even if an action has been filed in court, so long as no judgment has been rendered. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Any claim or dispute, whether in contract, tort or otherwise (including the interpretation and scope of this clause and the arbitrability of any issue), between you and us or our employees, agents, successors or assigns, which arises out of or relates in any manner to the purchase or financing of the goods and/or services described in the Contract, or any resulting transaction or relationship shall, at your or our election (or the election of any such third party), be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated on an individual basis and not as a class action. **You expressly waive any right you may have to arbitrate a class action. This is called the "Class Action Waiver."**

You may choose the applicable rules of the American Arbitration Association ("AAA"), JAMS, or another arbitration organization, subject to our approval. We waive the right to require you to arbitrate an individual claim if the amount you seek to recover qualifies as a small claim under applicable law. You may obtain a copy of the rules of the AAA by visiting its web site (www.adr.org) or of JAMS by visiting its website (www.jamsadr.com). You can also refer to the websites to learn how to file for arbitration.

The arbitrators shall be attorneys or retired judges and shall be selected in accordance with the applicable rules of the chosen arbitration organization. The arbitrator shall apply substantive governing law and the applicable statute of limitations. The arbitration award shall be in writing. The arbitration hearing shall be conducted in the federal district in which you reside, or such other place convenient to you as required by the rules of the chosen arbitration organization. If you demand arbitration first, you will pay the filing fee if the chosen arbitration organization requires it. We will advance and/or pay any other fees and costs required by the rules of the chosen arbitration organization.

The arbitrator's award shall be final and binding on all parties. There shall be a limited right to appeal to the extent allowed by the Federal Arbitration Act. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous.

This Arbitration Agreement relates to an agreement that evidences a transaction involving interstate commerce. Any arbitration under this Arbitration Agreement shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 *et. seq.*) and not by any state law concerning arbitration.

Neither you nor we waive the right to arbitrate by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a court. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction.

If any part of this Arbitration Agreement other than the Class Action Waiver is found by a court or arbitrator to be unenforceable, the remainder shall be enforceable. If the Class Action Waiver is found by a court or arbitrator to be unenforceable, the remainder of this Arbitration Agreement shall be unenforceable. This Arbitration Agreement shall survive the termination of the Contract between you and us, whether by default or repayment in full.

DocuSigned by:
8A6444E3FB22445...

X _____  1/24/2023
**Buyer Signs**  **Date**


X _____  _____
**Co-Buyer Signs**  **Date**


X   GALLANT LAW GROUP, P.C._____   Brittany Morris_____   1/24/2023____
**Seller**  **By**  **Date**


**NOTICE – ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**


Seller hereby immediately sells, assigns and transfers all of its right title and interest in and to this Contract and the Property to

 Equity Sales Finance, Inc._____ under the terms of the Master Dealer Agreement by

and between the Seller and the assignee.


**Date:**   1/24/2023


**Seller**   GALLANT LAW GROUP, P.C.


**By**   Brittany Morris


**Title**   Credit Manager

# NOTICE OF RIGHT TO CANCEL

Date of Transaction: 1/24/2023

Notice of Cancellation: _____
                                            (Today's Date)

You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS from the above date.

If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to:

__GALLANT LAW GROUP, P.C._____, at __123 S BROAD STREET #1640 PHILADELPHIA, PA  19109__

**NOT LATER THAN MIDNIGHT OF** __1/30/2023_____

**I HEREBY CANCEL THIS TRANSACTION**

_____/_____
Date                Buyer's Signature

4837-3928-1530 WISCONSIN

# NOTICE OF RIGHT TO CANCEL

Date of Transaction: __1/24/2023_____

Notice of Cancellation: _____
                                                       (Today's Date)

You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS from the above date.
If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.
If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.
If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.
To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to:

__GALLANT LAW GROUP, P.C._____, at __123 S BROAD STREET #1640 PHILADELPHIA, PA__19109__

**NOT LATER THAN MIDNIGHT OF** __1/30/2023_____

**I HEREBY CANCEL THIS TRANSACTION**

_____/_____
Date                Buyer's Signature